Filed 2/18/22  P. v. Serrano CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>      v.<br><br>ZEUS MURILLO SERRANO,<br><br>    Defendant and Appellant. | G060371<br><br>(Super. Ct. No. RIF106251)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Riverside County, Godofredo Magno, Judge.  Affirmed.

Kevin D. Sheehy, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant Zeus Murillo Serrano appeals the denial of his petition for resentencing pursuant to Penal Code section 1170.95, which was enacted as part of a

measure that restricted liability for the crime of murder. (See Sen. Bill No. 1437 (2017-2018 Reg. Sess.).) Under that section, a murderer may apply for resentencing if he was convicted under vicarious liability principles, but he is not entitled to relief if the record of conviction shows he acted with actual malice, i.e., the intent to kill. (See *People v. Lewis* (2021) 11 Cal.5th 952; *People v. Gentile* (2020) 10 Cal.5th 830.)

In this case, we appointed counsel to represent appellant on appeal, and he filed a brief which set forth the facts of the case. Counsel did not argue against his client but advised the court he found no issues to argue on his behalf. Appellant was then given 30 days to file written argument on his own behalf. That period has passed, and we have received no communication from him. Having examined the record ourselves, we find appellant is ineligible for resentencing, and there are no arguable issues that merit formal briefing. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Accordingly, we affirm the trial court's ruling.

DISCUSSION

The record of conviction shows appellant drove his pickup truck alongside a Chevy Camaro containing three rival gang members in order to enable one of his passengers to fire several shots into the Camaro. One of shots struck and killed 13-year old Markess Lancaster, who was in the back seat of the Camaro. The incident transpired after the two groups exchanged gang signs following a chance encounter at a liquor store in Riverside County.

In addition to convicting appellant of first degree premeditated murder, the jury found appellant guilty of conspiracy to commit murder, two counts of attempted premeditated murder, and multiple counts of unlawfully possessing and discharging a firearm. The jury also found true various allegations, including the special circumstances allegations that the murder was carried out to further the activities of appellant's gang and that it was achieved by means of discharging a firearm from a motor vehicle. (See Pen. Code, § 190.2, subds. (a)(21) & (a)(22).)

2

At trial, the jury was instructed that both of those special circumstances allegations required proof beyond a reasonable doubt that appellant harbored the intent to kill. And, in finding those allegations true, the jury expressly determined that, in positioning his truck alongside the victims' vehicle, appellant acted with such intent. As the trial court correctly found – after appointing appellant an attorney and conducting an undisputed hearing on the issue – this determination proves appellant harbored actual malice so as to render him ineligible for resentencing under Penal Code section 1170.95. (*People v. Lewis, supra,* 11 Cal.5th at p. 971; *People v. Gentile, supra*, 10 Cal.5th at p. 847; *People v. Bentley* (2020) 55 Cal.App.5th 150, 154, review granted Dec. 16, 2020, S265455.) Therefore, his petition was properly denied.

With the aid of counsel's briefing, we considered not only the application of Penal Code section 1170.95 to appellant's case but also scoured the record for any other mistakes, which we chose to do even though this is appellant's second appeal. (See *People v. Flores* (2020) 54 Cal.App.5th 266 [*Wende* review is not constitutionally required for postconviction proceedings, but an appellate court may undertake such review in the interests of justice].) We have not found any other issues that might be argued on appellant's behalf. Our review is limited to issues pertaining to his petition, and we can find no flaw in the handling of that. We must therefore agree with appellate counsel that there is no arguable issue here.

DISPOSITION

The order denying appellant's petition for resentencing is affirmed.


                                        BEDSWORTH, ACTING P. J.

WE CONCUR:


MOORE, J.


FYBEL, J.